# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>TIANNA CHRISTINA CORDOVA,<br><br>Defendant/Petitioner. | Case No. 2:18-cr-00208-RFB-DJA<br><br>**ORDER** |

Before the is Defendant Petitioner's Emergency Motion for Reducing Sentence [ECF No. 184]. For the reasons stated below, the Court GRANTS this motion.

### I.   BACKGROUND

On July 11, 2019, the Court sentenced Ms. Cordova to 120 months of incarceration followed by fifteen years of supervised release for her conviction of distribution of a controlled substance. ECF No. 116. The Court incorporates by reference its findings at the hearing on December 18, 2020 to the extent that they do not conflict with this written final order.

### II.   LEGAL STANDARD

Federal law permits a district court to modify a sentence under certain conditions pursuant to 18 U.S.C. §3582(c)(1)(A). Specifically, a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Once a motion has been filed, a court may modify a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if the court finds "extraordinary and compelling reasons warrant such a reduction." Id. at §3582(c)(1)(A)(i).

### III. DISCUSSION

The Court first finds that Ms. Cordova has established, as conceded by the government, ECF No. 189, an "extraordinary and compelling reason" which qualifies her for compassionate release. Specifically, her medical records establish that she is at a heightened risk for complications from COVID-19 infection. See ECF No. 184. She suffers from at least from at least two underlying medical conditions—obesity and asthma—that place her at heightened risk of severe complications from a covid infection. Indeed, the BOP itself has found that Ms. Cordova qualifies for release to home confinement based upon her risk of covid complications, her low likelihood of recidivism and her lack of danger to the community. ECF No. 184, Exh. A.

The Court further finds that Ms. Cordova has exhausted her administrative remedies in this case as required by Section 3582. She requested compassionate release from the BOP and was rejected for her early release or release to home confinement. ECF No. 184. The government again does not contest that she has exhausted her administrative remedies in this case. ECF No. 189.

The Court further finds upon consideration of the factors under 18 U.S.C. §3553 that it would be appropriate for her to be released. The Court is familiar with the facts of her case and incorporates by reference the sentencing record and its findings at the hearing in this case. The

/ / /

Court finds that the factors under Section 3553 may be served by the imposition of restrictive conditions of supervision in conjunction with the time that has been served by Ms. Cordova.

The Court finds that Ms. Cordova has served a sufficient amount of time on her federal sentence to serve as a sufficient deterrent to future criminal conduct. The Court will also be imposing a period of home confinement as a further deterrent to future criminal conduct. The Court also notes that the nature of her confinement due to the pandemic in federal custody, especially in terms of being severely restricted in terms of programming, restrictive incarceration conditions and visitation has resulted in harsher conditions for her incarceration than she would have otherwise had to endure.

The Court also reiterates its prior finding at sentencing that Ms. Cordova's prior criminal conduct resulted in large part from her drug addiction. She has had an opportunity while incarcerated to be sober. The Court finds at this point that intensive drug treatment and counseling will address this issue and reduce the risk of future criminal conduct.

Based upon a consideration of the entire record in this case, the Court finds that a sentence of five years' probation would be appropriate. The Court will impose the same conditions with respect to probation with the addition of the conditions of six months of intermittent confinement for the last six months of the first year of probation and home confinement of 24 months with GPS monitoring. This period of home confinement will be served both before and after the period of intermittent confinement. She will also be required to meet with the Court within 60 days of release to review her conditions of supervised release.

/ / /

/ / /

/ / /

### IV.  CONCLUSION

For the reasons stated,

**IT IS THEREFORE ORDERED** that Defendant Petitioner's Motion for Reduction of Sentence [ECF No. 184] is GRANTED. Ms. Cordova's remaining sentence is amended to be five years of probation with the conditions identified in this order. The Court shall enter an Amended Judgment with its new sentence in this case.

**IT IS FURTHER ORDERED** that Ms. Cordova shall be released by **5:00 p.m. PST January 17, 2021.**

**DATED: January 16, 2021.**

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**